# Exhibit 8
# to Supplemental Declaration of Alanna B. Carbis in Support of Reply Memorandum of Law in Support of Petition to Enforce Civil Investigative Demand and Request for Judicial Notice

EXHIBIT 8
155

## ASSURANCE OF VOLUNTARY COMPLIANCE

In the matter of:

Future Income Payments, LLC

    Respondent.

---

The State of Iowa ex. rel. Thomas J. Miller, Iowa Attorney General, enters into this Assurance of Voluntary Compliance ("AVC") with Future Income Payments, LLC (formerly known as Pensions, Annuities and Settlements, LLC) ("Respondent") to resolve the Attorney General's concerns regarding Respondent's compliance with the Iowa Consumer Credit Code ("ICCC"), Iowa Code sections 537.2301-2401, the Iowa Consumer Fraud Act ("CFA"), Iowa Code section 714.16, and the Older Iowans Act ("OIA"), Iowa Code section 714.16A.

Respondent and its employees, successors, and assigns AGREE as follows:

1. Respondent Future Income Payments, LLC is a Delaware limited liability company. Scott A. Kohn is the owner and President of Respondent, and has the authority to sign this AVC on behalf of Respondent.

2. Respondent's business includes entering into written contracts to make a lump-sum payment to consumers entitled to future income, typically a pension. In exchange, the consumer agrees that, upon receipt of the monthly pension payment, the consumer will make a fixed monthly payment to Respondent via an automatic debit from the consumer's bank account over an agreed-upon term. Under the terms of these contracts, consumers repay significantly more money over the term of the agreement than the lump sum payment they received at the outset. Respondent has entered into a number of such contracts with Iowa consumers. The contracts entered between Respondent and Iowa consumers are characterized as purchase and sale agreements, and Respondent contends that these contracts are for the purchase of an asset in the form of future payments due only upon their receipt by the consumer. The Attorney General contends that these agreements constitute (i) usurious consumer loans in violation of the ICCC, Iowa Code sections 537.2301 and 537.2401, and Iowa Code section 535.4 *et. seq.* and (ii) an unfair practice under the CFA, Iowa Code section 714.16 and the OIA, Iowa Code section 714.16A. This conduct is known as the "Covered Conduct."

3. In this AVC, the following terms shall have the following meanings:

    i. Iowa consumer or consumer- any consumer with a mailing address in the State of Iowa

    ii. Management Fee- monthly fee charged by Respondent

1

EXHIBIT 8
156

    iii. Net Amount Advanced – lump sum payment Respondent made to a consumer, less any fee(s) Respondent charged to the consumer (including, but not limited to a "Management Fee", "Set Up Fee", late fee or fee for not sufficient funds)

    iv. Transaction– any agreement or arrangement entered into on March 1, 2011 or any time thereafter whereby Respondent made a lump sum payment to an Iowa consumer and the Iowa consumer agreed to make a fixed monthly payment to Respondent

IT IS FURTHER AGREED THAT,

A. Respondent and its directors, officers, principals, partners, employees, agents, servants, representatives, subsidiaries, affiliates, successors, assigns, parent, controlling entities, or parties that acquire an interest in a Transaction at any time (hereinafter "Respondent et. al.") and all other persons, corporations, and other entities acting in concert or participating with Respondent who have actual or constructive notice of this AVC, are permanently restrained and enjoined from (i) violating the ICCC, CFA and OIA and; (ii) without limiting the foregoing, from engaging in the Covered Conduct directly or indirectly, or referring Iowa consumers to other entities that engage in similar consumer agreements; and (iii) collecting payments or seeking to collect payments from Iowa consumers in any manner other than what is set forth in this AVC.

B. Respondent acknowledges that this AVC binds assigns and parties that acquire an interest in a Transaction at any time to prohibit them from collecting payments or seeking to collect payments from Iowa consumers in any manner other than what is set forth in this AVC.

C. Before the Effective Date of this AVC, Respondent has provided the Attorney General with a complete list of Transactions, including (i) the Iowa consumer's name, address, phone number and email address; (ii) the gross amount advanced, any fees and the Net Amount Advanced; (iii) the monthly payments due and the term of the Transaction; (iv) date of Transaction; and (v) total amount of money collected.

D. For Transactions in which Respondent has already collected more than the Net Amount Advanced as of the Effective Date of this AVC:

    i. Within thirty (30) days of the Effective Date Respondent shall stop collecting payments from the consumers affected by this provision and provide notice to such consumers, in a form approved by the Attorney General, that it will not collect any future payments.

    ii. Within thirty (30) days of the Effective Date Respondent shall refund an amount equal to the difference between the amount collected and the Net Amount Advanced ("Excess Funds") to consumers affected by this provision by mailing a certified check for the Excess Funds to such consumers at their last known address.

2

EXHIBIT 8
157

    iii. In the event that Respondent is unable to reach consumers affected by this provision within ninety (90) days of the Effective Date, Respondent shall pay the aggregate of such funds in a single certified check to the Attorney General and provide an accounting to the Attorney General showing the Iowa consumers to whom the funds are owed. To the extent the Attorney General is unable to timely locate the consumers to make refunds, that money shall be used by the Attorney General for the administration and implementation of the CFA, pursuant to Iowa Code section 714.16(7), and shall be deposited into the fund established by the OIA, Iowa Code section 714.16A, and/or the Consumer Litigation and Education Fund ("CLEF"), Iowa Code section 714.16C.

E. For Transactions where Respondent has not yet collected the Net Amount Advanced as of the Effective Date of this AVC:

    i. Respondent shall collect no more than the Net Amount Advanced from consumers affected by this provision. As necessary, and in accordance with Iowa Code section 537.6110(2), Respondent shall reform each Transaction so that Respondent does not collect more than the Net Amount Advanced. Respondent shall provide notice, in a form approved by the Attorney General, to such consumers of the reformed agreements within thirty (30) days of the Effective Date of this AVC.

    ii. Respondent shall stop collecting a Management Fee within thirty (30) days of the Effective Date of this AVC.

    iii. Respondent shall allow consumers to pre-pay the Net Amount Advanced without penalty at any time and from any source without penalty.

    iv. Respondent shall develop a repayment plan for any consumer who requests a repayment plan or expresses to Respondent that he or she is unable to make payments at the previously agreed-upon rate.

F. For all Transactions:

    i. Respondent shall not make any credit reports for Iowa consumers to credit agencies and will request removal of all such credit reports it has already made for Iowa consumers.

    ii. Respondent shall not seek to use or threaten to use any form of judicial proceeding to collect any outstanding debt from any Iowa consumer.

    iii. Respondent agrees that any Iowa consumer acting in accordance with this agreement shall not be considered in "breach" of the Iowa consumer's written contract with Respondent.

3

EXHIBIT 8
158

    iv.   Respondent agrees to indemnify any Iowa consumer against and to hold any Iowa consumer harmless from any and all damages, losses, liabilities and expenses (including, without limitation, reasonable attorney's fees and expenses) incurred or suffered by the Iowa consumer arising out of, resulting from, or related to any action, suit or proceeding by an assign or purchaser of the Transaction related to the Transaction.

G. Respondent shall report to the Attorney General's Office on the status of its compliance with the terms of this AVC for each Transaction, ninety (90) days after the Effective Date of this AVC. Respondent shall comply with other reasonable requests from the Attorney General for information relating to compliance with this AVC.

H. Within ten (10) business days of the Effective Date of this AVC Respondent shall pay $35,000 to the Attorney General's office for any use for which the Attorney General may lawfully expend funds, including but not limited to the funds established by the OIA and/or the CLEF.

I. The Attorney General's execution of this AVC constitutes a release of Respondent *et. al.* from any and all liability under the CFA, OIA and ICCC for the Covered Conduct that (i) occurred prior to entry of this AVC and (ii) would violate the injunctive provisions above if such conduct occurred after the Effective Date of the AVC.

J. Any future violation of this AVC shall constitute a violation of the CFA, and any such violation, if proved by a preponderance of the evidence, shall give rise to civil penalties and other remedies as set forth in the CFA and/or other applicable law.

K. If any provision of this AVC is determined to be invalid, illegal or unenforceable, the remaining provisions of this AVC remain in full force and effect, if the essential terms and conditions of this AVC for both parties remain legal, valid and enforceable.

L. The law of the State of Iowa governs all matters arising out of or relating to this AVC, including, without limitation, its validity, interpretation, construction, performance, and enforcement.

M. Any party bringing a legal action or proceeding against any other party arising out of or relating to this AVC shall bring the legal action or proceeding in the Iowa District Court in and for Polk County.

N. This AVC will be understood as drafted by all parties to the AVC and, in any dispute, will not be construed against any party.

O. Excluding all other claims, this AVC constitutes a final agreement between the parties related to the Covered Conduct. This AVC is a complete and exclusive expression of the

parties' agreement. All prior and contemporaneous negotiations and agreements among the parties are expressly merged into and superseded by this AVC.

P. The Effective Date of this Consent Judgment is the last date on which it is signed below.

Date: 12/20/16

Future Income Payments, LLC

_____
By Scott A. Kohn

Date: 12-20-16

_____
Christopher Jones
Counsel for Respondent

Date: 12/22/2016

_____
Amy Licht
Assistant Attorney General

Date: 12/22/2016

_____
Chantelle Smith
Assistant Attorney General

5

EXHIBIT 8
160