# Exhibit 11
# to Supplemental Declaration of Alanna B. Carbis in Support of Reply Memorandum of Law in Support of Petition to Enforce Civil Investigative Demand and Request for Judicial Notice

EXHIBIT 11
197

ORIGINAL

MICHAEL N. FEUER, City Attorney (SBN 111529)  [NO FEE – Cal. Govt. Code § 6103]
JAMES P. CLARK, Chief Deputy City Attorney (SBN 64780)
THOMAS H. PETERS, Chief Assistant City Attorney (SBN 163388)
MICHAEL J. BOSTROM, Assistant City Attorney (SBN 211778)
JENNIFER A. LAM, Deputy City Attorney (SBN 253728)
STEVEN S. SON, Deputy City Attorney (SBN 265921)
OFFICE OF THE LOS ANGELES CITY ATTORNEY
200 North Main Street, 500 City Hall East
Los Angeles, CA 90012-4131
Telephone: (213) 473-9971
Facsimile: (213) 978-8111

FILED
Superior Court of California
County of Los Angeles

FEB 16 2017

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Judi Lara

Attorneys for Plaintiff,
THE PEOPLE OF THE STATE OF CALIFORNIA

A6029
90012
CCW CPX

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT KOHN,<br>    individually and as owner and manager of the below-listed entities;<br>BUYSELL ANNUITY, INC.,<br>    a Delaware Corporation;<br>CASH FLOW INVESTMENT PARTNERS, LLC,<br>    a Delaware Limited Liability Company;<br>CASH FLOW INVESTMENT PARTNERS LLC,<br>    a California Limited Liability Company;<br>PENSION ADVANCE LLC,<br>    a Delaware Limited Liability Company<br>PAS CALIFORNIA, LLC,<br>    a Nevada Limited Liability Company;<br>FUTURE INCOME PAYMENTS, LLC,<br>    a Delaware Limited Liability Company;<br>LONDON SQUARE SPECIALTY SERVICES, LLC,<br>    a Michigan Limited Liability Company; and<br>DOES 1-100, inclusive,<br><br>Defendants. | Case No.: **BC 6 5 0 8 8 4**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF, RESTITUTION, AND CIVIL PENALTIES FOR VIOLATIONS OF THE UNFAIR COMPETITION LAW (CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 *ET SEQ.*)**<br><br>Verified Answer Required Pursuant to Code of Civil Procedure Section 446<br><br><br>NO FEE GOVT CODES SEC. 6183<br>AMOUNT RECOVERABLE PURSUANT<br>TO 6103.5 GC $ 1435<br>PLUS A ONE TIME ADMINISTRATIVE FEE UPON JUDGEMENT<br>IF THE PARTY BECOMES A JUDGEMENT CREDITOR |

1
COMPLAINT FOR INJUNCTIVE RELIEF, RESTITUTION, AND CIVIL PENALTIES

EXHIBIT 11
198

# I. INTRODUCTION

1. The People of the State of California ("People") bring this action to end an unlawful, unfair, and fraudulent lending and investment scheme perpetrated by Defendant Scott Kohn and his complex web of companies (collectively, "Kohn"). Based on information and belief, the People allege as follows:

2. Kohn's scheme targets some of California's most vulnerable residents: senior citizens and disabled military veterans who are down on their luck and barely getting by on limited pension benefits. Kohn markets predatory loans to these pensioners to pay for unexpected personal, family, or household expenses. As a condition of the loans, Kohn obtains a security interest in the pensioners' monthly pension benefits, and charges interest rates as high as 96%—nearly ten times higher than the applicable 10% usury limit. Kohn also charges high transactional fees, requires borrowers to secure life insurance in Kohn's favor, and contractually prohibits early termination of the loans, ensuring that Kohn will collect all of the usurious interest from the pensioners. In consummating these loan contracts, Kohn fails to disclose the usurious interest rate to the pensioners, yet Kohn ominously and falsely threatens the pensioners that failure to make all payments owed may be punishable as a crime.

3. Kohn also engages in unlawful, unfair, and fraudulent debt collection practices if the pensioners fail to make payments on their loans. Among other things, Kohn badgers pensioners with repetitive collection calls occurring at hours most likely to harass, for example, by calling pensioners several times a day starting as early as 5:30 a.m.

4. In order to fund this pension lending scheme in California and across the country, Kohn solicits investments from California residents. When marketing to California investors, Kohn self-identifies as a broker despite having no license to broker loans in California. Kohn purports to sell to California investors all of Kohn's interest in loans previously made to pensioners, yet Kohn's contracts with investors only provide investors with interest rate returns that range from 6% to 12%. Kohn fails to disclose to the investors that the underlying pension loans carry interest rates as high as 96%, thus allowing Kohn to both pocket an undisclosed spread and avoid the suspicion that would result if Kohn disclosed the

2
COMPLAINT FOR INJUNCTIVE RELIEF, RESTITUTION, AND CIVIL PENALTIES

EXHIBIT 11
199

astronomical interest rates charged on the underlying pension loans. Indeed, Kohn fails to disclose to California investors the unlawful, unfair, and fraudulent nature of the underlying pension loans, and that state after state has concluded that Kohn's pension loans violate applicable usury laws. As of the date of this filing, these states include New York, Massachusetts, North Carolina, Iowa, and Washington.

5. To put an end to Kohn's pension lending and investment scheme, the People seek an injunction prohibiting Kohn from, among other things, collecting on the predatory loans Kohn has issued to California pensioners, and selling unlawful, unfair, and fraudulent loans to California investors. The People also seek restitution for California pensioners and investors who have been deprived of money as a result of Kohn's unlawful, unfair, and fraudulent practices and statutory penalties to deter similar conduct in the future.

## II. THE PARTIES

6. The People bring this civil law enforcement action by and through Michael N. Feuer, the Los Angeles City Attorney, pursuant to statutory authority provided under California Business and Professions Code sections 17200 *et seq.* ("Unfair Competition Law").

7. Since at least as early as 2011, Scott Kohn has employed a web of entities to operate his pension loan and investment scheme. The Kohn entities named as defendants in this case are: (1) BuySell Annuity, Inc. ("BSA"), a Delaware corporation; (2) Cash Flow Investment Partners, LLC ("CFIP"), a Delaware limited liability company; (3) Cash Flow Investment Partners LLC ("CFIP Cal"), a California limited liability company; (4) Pension Advance LLC ("PA"), a Delaware limited liability company; (5) PAS California, LLC ("PAS Cal"), a Nevada limited liability company; (6) Future Income Payments, LLC ("FIP")[1], a Delaware limited liability company; and (7) London Square Specialty Services, LLC ("London Square"), a Michigan limited liability company. The Kohn entities operate interchangeably, often using each other's names and addresses.

---

[1] Future Income Payments, LLC was previously known as Pensions, Annuities and Settlements, LLC, a Delaware limited liability company.

3
**COMPLAINT FOR INJUNCTIVE RELIEF, RESTITUTION, AND CIVIL PENALTIES**
EXHIBIT 11
200

8. Kohn advertises, issues, and collects payment on loans made with California pensioners. Kohn also advertises, brokers, sells, and collects payment for loans assigned to California investors. The exception is London Square, which provides debt collection services for loans the other defendants in this case issue.

9. Scott Kohn owns BSA, CFIP, CFIP Cal, PA, PAS Cal, FIP, and London Square, and he personally directs their operations and management, including their unlawful issuance of pension loans, their unlawful debt collection practices, and their unlawful sale of pension loans as described herein.

10. The true names and capacities of the defendants sued herein as Does 1 through 100, inclusive, are unknown to the People. The People therefore sue these defendants by such fictitious names. When the true names and capacities of these defendants have been ascertained, the People will seek leave of this Court to amend this Complaint to insert in lieu of such fictitious names the true names and capacities of the fictitiously-named defendants. The People are informed and believe, and thereon allege, that these defendants participated in, and in some part are responsible for, the illegal acts alleged herein. Each reference in this Complaint to Kohn is also a reference to all defendants sued as Does.

11. Whenever reference is made in this Complaint to any act or omission of Kohn, such reference shall be deemed to mean that Kohn's officers, directors, employees, agents, and/or representatives did, ratified, or authorized such act or omission while actively engaged in the management, direction, or control of the affairs of Kohn, or while acting within the course and scope of their duties.

12. Whenever reference is made in this Complaint to any act or omission of Kohn, such reference shall be deemed to mean the act or omission of each defendant acting jointly and severally.

### III. JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to Article VI, section 10 of the California Constitution. This Court has personal jurisdiction over Kohn because: (i) a substantial portion of the wrongdoing alleged in this Complaint took place in the

4
COMPLAINT FOR INJUNCTIVE RELIEF, RESTITUTION, AND CIVIL PENALTIES

EXHIBIT 11
201

1  State of California, (ii) Kohn is authorized to do business in this state, (iii) Kohn has sufficient
2  minimum contacts with this state, and/or (iv) Kohn otherwise intentionally avails Kohn of the
3  markets in this state through the advertising, issuance, collection, brokering, and sale of
4  pension loans in this state. Thus, this Court's exercise of jurisdiction is permissible under
5  traditional notions of fair play and substantial justice.
6    14. Pursuant to Code of Civil Procedure section 393, venue is proper in Los
7  Angeles County because Los Angeles County is the county in which the cause, or some part of
8  the cause, arose.

## IV. GENERAL ALLEGATIONS

### A. Laws Relating to Loan Issuance and Debt Collection

15. State and federal laws carefully regulate finance lenders, including those like Kohn who are in the business of making pension loans. As applicable here, finance lenders must obtain a license from the Commissioner of the California Department of Business Oversight (Cal. Fin. Code §§ 22009, 22100), and even if not licensed, they must comply with statutory usury limits, including a 10% per annum interest rate limit on loans used primarily for personal, family, or household purposes (CAL. CONST. art. XV, § 1). Finance lenders must also accurately disclose the annual percentage rate for their loans in a clear and conspicuous manner before consummation of the transaction (Cal. Fin. Code §§ 22332, 22346; 15 U.S.C. § 1632(a); 12 C.F.R. §§ 1026.17, 1026.18; *see also* 15 U.S.C. §§ 1601 *et seq.*). Finally, finance lenders are prohibited from requiring that consumers repay their debts using preauthorized electronic fund transfers. *See* 15 U.S.C. § 1693k, 12 C.F.R. § 205.10(e)(1).

16. State and federal laws also regulate debt collection practices. As is relevant here, debt collectors may not engage in harassing, oppressive, or abusive collection tactics, including by making continued and repeated debt collections calls, or by making calls at inconvenient times, such as outside of the hours of 8 a.m. and 9 p.m. *See, e.g.*, 15 U.S.C. §§ 1692c-1692d, Cal. Civ. Code §§ 1788.11, 17.88.17. Debt collectors are also prohibited from making collection calls without meaningfully disclosing their identities, and from making any false, deceptive, or misleading representations. *See id.*; 15 U.S.C. § 1692e.

17. State law further regulates the brokering of loans. Loan brokers must obtain a license from the Commissioner of the California Department of Business Oversight (Cal. Fin. Code §§ 22004, 22100) and as licensed brokers, they must disclose, *inter alia*, their contact and licensing information as well as the amount they would earn from brokering loans (*id.* § 22338).

### B. Kohn's Pension Lending and Investment Scheme Violates California Law

#### 1. Kohn's Lending Practices Violate California Law

18. According to FIP's website (http://futureincomepayments.com), Kohn is "America's largest pension cash flow originator," having "a global footprint of over 200 employees." Kohn specializes in "buying and selling secondary market pension cash flows" and has "seasoned collection capabilities." CFIP's website (http://www.lumpsum-settlement.com/pension-payments.php) similarly states that Kohn is the "nation's leader in pension funding" as Kohn provides immediate cash for "most types of pension payments." BSA's website (http://buysellannuity.com) further clarifies that "all company, military, state and federal government, teacher, fire and law enforcement pensions" qualify. Indeed, the pension loan business has proven to be incredibly lucrative to Kohn. FIP, for instance, claims that it has completed over $150 million in pension loans.

19. Although Kohn's websites state that Kohn's pension lending services are not available in California, since as early as 2011, Kohn solicited California pensioners both through Kohn's websites and through cold calls to take out loans secured by their pension benefits, and at least hundreds of California pensioners have entered into such loans for personal, family, or household purposes. Contracts on hundreds of those loans are still in place, and Kohn is still collecting on them.

20. In making loans to California pensioners, Kohn has violated and continues to willfully violate California law. Kohn is not licensed to operate as a finance lender in California, lends money far in excess of the applicable 10% usury limit, and fails to disclose the loans' interest rates before consummating transactions. Kohn also requires that pensioners

6
COMPLAINT FOR INJUNCTIVE RELIEF, RESTITUTION, AND CIVIL PENALTIES

EXHIBIT 11
203

1  authorize monthly electronic funds transfers of all or portions of their pension benefits to make
2  payments on loans.

3  21. Kohn's pension loan contracts are also unconscionable, which further renders
4  them void and unenforceable. In addition to the undisclosed, usurious interest rates, Kohn
5  charges pensioners a litany of additional fees (*e.g.*, account set-up fees, monthly management
6  fees, penalties for late payments, and non-sufficient funds fees). Other one-sided terms include
7  the requirement that pensioners maintain life insurance policies naming Kohn (or investors) as
8  the beneficiaries and the requirement that pensioners and/or their spouses personally guarantee
9  complete payments to Kohn (or investors) even when the pensioners are bankrupt. Pensioners
10 agree to be responsible for Kohn's (or investors') collection and legal costs and waive their
11 rights to a jury trial. Kohn also contractually prohibits pensioners from terminating their loans
12 early. Finally, Kohn forces pensioners further to acknowledge in the loan contracts (falsely)
13 that they may face criminal prosecution (including criminal fines or imprisonment) when they
14 miss monthly loan payments.

### 2. Kohn's Debt Collection Practices Violate California Law

16 22. Kohn's unlawful, unfair, and fraudulent scheme also extends to debt collection.
17 If California pensioners miss payments or default on their loans, Kohn makes collection calls
18 frequently (*e.g.*, several times a day), at inconvenient times (*e.g.*, 5:30 a.m.), and at times,
19 Kohn's collection agents refuse to identify themselves over the phone. Increasing the odds that
20 the pensioners will answer the collection call, Kohn uses multiple telephone numbers from
21 different states and sometimes calls from "blocked" or "unidentified" numbers.

22 23. Kohn further misleads pensioners to think that they are interacting with third-
23 party debt collectors. London Square, for example, represents itself as a "debt collector" to the
24 pensioner and does not disclose its affiliation with other Kohn entities, including the entity
25 issuing the pension loan. The result is that pensioners think they are being contacted by
26 multiple, unrelated companies (like London Square) for payment when, in actuality, all such
27 companies belong to Kohn.

28

### 3. Kohn's Practice of Selling Pension Loans to California Investors Violates California Law

24. Kohn markets to California investors both through Kohn's websites and through Kohn's network of financial advisors. Kohn sells pension loans to investors and arranges the terms of these loans between investors and pensioners. FIP's website (http://futureincomepayments.com) advertises that investors receive a "pension cash flow" resulting in "returns that often exceeds 2% - 4% of those offered by traditional products such as annuities, bonds and CDs." It further claims to mitigate the risks of pension loans for investors through its "proprietary underwriting process, diversification within each purchase, short- and long-term reserves[,] and [its] seasoned collection capabilities." For example, if a pensioner misses a monthly payment, Kohn uses a "reserve account" (subject to funding availability) that provides investors a temporary "replacement" payment. Kohn, however, does not accept liability for pensioners' missed payments as Kohn does not guarantee their payments for investors.

25. In selling pension loans to California investors, Kohn has violated and continues to willfully violate California law. Despite claiming to be an "exclusive" broker to both the investor and pensioner, Kohn is not licensed to operate as a broker in California. Kohn further fails to disclose, *inter alia*, Kohn's broker fees and licensing information.

26. Kohn also misleads investors to believe that the pension loans are lawful. Kohn affirmatively assures investors that the loans comply with all applicable laws (when they do not) and represents that Kohn is unaware of anything materially and adversely affecting Kohn's pension loans. As alleged above, the pension loans are not lawful. Kohn is not a licensed finance lender to issue loans to pensioners and charges them usurious interest rates. Kohn never disclosed such details to investors, who, unwittingly, contracted to receive significantly less interest than Kohn's interest for the same pension loans. Furthermore, Kohn markets to California investors loans that Kohn has issued in other states without disclosing that state after state has concluded that Kohn's pension loans are usurious. As noted above, as of the date of this filing, these states include New York, Massachusetts, North Carolina, Iowa,

and Washington. Kohn does not discloses these material facts to California investors. Meanwhile, investors (not Kohn) ultimately bear the risk of loss if the pension loans are later legally challenged and deemed void.

## CAUSE OF ACTION

## VIOLATION OF UNFAIR COMPETITION LAW

## AGAINST ALL DEFENDANTS

27. The People incorporate by reference all preceding allegations as though fully set forth herein.

28. California's Unfair Competition Law (Bus. & Prof. Code §§ 17200-17210) ("UCL") prohibits any person from engaging in "any unlawful, unfair, or fraudulent business act or practice."

29. Each defendant is a "person" subject to the UCL, pursuant to Business and Professions Code section 17201.

30. Kohn's pension lending and investment scheme violates the UCL through one or more of the following unlawful, unfair, and fraudulent business acts and practices:

    a. Failing to obtain a license from the Commissioner of the California Department of Business Oversight before engaging in the business of a finance lender or a broker;

    b. Charging California pensioners rates of interest on loans that exceed the applicable maximum interest rate permitted by law;

    c. Failing to disclose the interest rates charged in a clear and conspicuous manner before the transactions are consummated with California pensioners;

    d. Failing to disclose information concerning Kohn's role as broker, such as broker fees and broker licensing information;

    e. Requiring, as a condition to receiving a loan, that California pensioners repay the loan using preauthorized electronic fund transfers;

    f. Issuing unconscionable loans in violation of California Financial Code section 22302 and California Civil Code section 1670.5;

9

COMPLAINT FOR INJUNCTIVE RELIEF, RESTITUTION, AND CIVIL PENALTIES

EXHIBIT 11

206

1         g.    Misrepresenting the law in claiming that California pensioners may face criminal prosecution for intentionally not making their loan payments;

        h.    Calling California pensioners to collect payment on the pension loans outside the hours of 8 a.m. and 9 p.m.;

        i.    Harassing, oppressing, or abusing California pensioners with repeated, frequent, and/or unidentified collection calls;

        j.    Using false and misleading name(s) to collect payment from California pensioners as a result of the failure to disclose Kohn's affiliations to California pensioners;

        k.    Misrepresenting to California investors that Kohn has complied with all applicable laws;

        l.    Misrepresenting to California investors that Kohn does not know of or have reason to know of any information materially and adversely affecting Kohn's pension loans; and

        m.    Withholding from California investors information concerning the illegal nature of Kohn's pension loans.

## PRAYER FOR RELIEF

Wherefore, the People pray that:

1. Defendants be enjoined from engaging in the unlawful, unfair, and fraudulent business acts and practices, as described in this Complaint in violation of the UCL;

2. Defendants be ordered to restore to all persons in interest any money or property they acquired by means of the unlawful, unfair, and fraudulent business acts and practices alleged in this Complaint;

3. Defendants' pension loans contracts be declared void and unenforceable;

4. Defendants be assessed a civil penalty up to $2,500 for each violation of the UCL;

5. Defendants be assessed an additional civil penalty up to $2,500 for each violation of the UCL against senior citizens or disabled persons;

6. The People recover the costs of this action; and

10
COMPLAINT FOR INJUNCTIVE RELIEF, RESTITUTION, AND CIVIL PENALTIES

EXHIBIT 11
207

7. The People be granted such other and further relief as the Court may deem to be just and proper.

Dated: February 16, 2017

Respectfully submitted,

MICHAEL N. FEUER, City Attorney
JAMES P. CLARK, Chief Deputy City Attorney
THOMAS H. PETERS, Chief Assistant City Attorney
MICHAEL J. BOSTROM, Assistant City Attorney
JENNIFER A. LAM, Deputy City Attorney
STEVEN S. SON, Deputy City Attorney
OFFICE OF THE LOS ANGELES CITY ATTORNEY

By: *[signature]*
JENNIFER A. LAM
Attorneys for Plaintiff,
THE PEOPLE OF THE STATE OF CALIFORNIA

**CM-010**

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Jennifer A. Lam, Deputy City Attorney (253728)
Office of the Los Angeles City Attorney
200 North Main Street, 500 City Hall East
Los Angeles, CA 90012-4131
**TELEPHONE NO.:** (213) 473-9971   **FAX NO.:** (213) 978-8111
**ATTORNEY FOR** *(Name):* The People of the State of California

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
**STREET ADDRESS:** 111 North Hill Street
**MAILING ADDRESS:** Same
**CITY AND ZIP CODE:** Los Angeles, CA 90012
**BRANCH NAME:** Stanley Mosk Courthouse

**CASE NAME:**
The People of the State of California v. Kohn

**FOR COURT USE ONLY**

FILED
Superior Court of California
County of Los Angeles

FEB 16 2017

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Judi Lara

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✔] Unlimited  [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC650884  JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✔] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✔] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [✔] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [✔] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✔] monetary   b.[✔] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is  [✔] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 16, 2017
Jennifer A. Lam
(TYPE OR PRINT NAME)                                             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT 11
209

| SHORT TITLE: The People of the State of California v. Kohn | CASE NUMBER BC650884 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| LACIV 109 (Rev 2/16)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | Local Rule 2.3<br>Page 1 of 4 |
|---|---|---|

EXHIBIT 11
210

| SHORT TITLE: The People of the State of California v. Kohn | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)  
LASC Approved 03-04  

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**  

Local Rule 2.3  
Page 2 of 4  

EXHIBIT 11  
211

| SHORT TITLE: The People of the State of California v. Kohn | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
|  | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
|  | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
|  | ☐ A6160 Abstract of Judgment | 2, 6 |
|  | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
|  | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
|  | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
|  | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
|  | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
|  | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
|  | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2, 3, 9 |
|  | ☐ A6123 Workplace Harassment | 2, 3, 9 |
|  | ☐ A6124 Elder/Dependent Adult Abuse Case | 2, 3, 9 |
|  | ☐ A6190 Election Contest | 2 |
|  | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
|  | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
|  | ☐ A6100 Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)  
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3  
Page 3 of 4

EXHIBIT 11

| SHORT TITLE: The People of the State of California v. Kohn | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br>☐ 1. ☒ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>200 North Main Street, 500 City Hall East |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: February 16, 2017

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| LACIV 109 (Rev 2/16)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | Local Rule 2.3<br>Page 4 of 4 |
|---|---|---|

EXHIBIT 11
213